IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. CR 98-517 KI |
| | ) | |
| v. | ) | **ORDER GRANTING IN PART** |
| | ) | **DEFENDANT'S MOTION FOR** |
| RAMIN ZAMANI-ZADEH, | ) | **RELIEF UNDER 28 U.S.C. § 2255,** |
| | ) | **REVOKING SUPERVISED** |
| Defendant. | ) | **RELEASE, AND IMPOSING** |
| | ) | **SENTENCE** |

Before the court is defendant's motion for relief under 28 U.S.C. § 2255 seeking to vacate this court's order of November 14, 2006, revoking defendant's term of supervised release and imposing sentence. Defendant raises two grounds for relief: ineffective assistance of counsel and a due process violation. The government does not oppose defendant's motion insofar as it is based on a violation of due process. For the reasons that follow, the court grants defendant's motion in part.

## A. BACKGROUND

On April 5, 1999, defendant pled guilty to a single count indictment charging him with bank fraud. On June 14, 1999, the court imposed a sentence of 14 months' imprisonment followed by a five-year term of supervised release.

Defendant's term of supervised release began on May 3, 2000. On May 13, 2004, the court revoked defendant's supervised release and imposed a sanction of 16 months' imprisonment followed by a 44-month reimposed term of supervised release.

Defendant's reimposed term of supervised release began on January 3, 3005. On June 23, 2005, the court again found defendant in violation, but continued his term of supervised release. In August 2006, the Probation Office instituted new revocation proceedings based on a variety of alleged violations, including the new law violations of making false statements in violation of 18 U.S.C. § 1001, and second degree forgery in violation of Oregon state law.

An evidentiary hearing was held on November 6, 2006. Defendant was represented at the hearing by attorney Craig Gabriel. At the outset of the hearing, defendant admitted most of the alleged violations, including the new law violation of making false statements, but denied committing the Oregon state offense of second degree forgery.

After receiving testimony and exhibits, the court found that defendant had committed each of the alleged violations. The court requested that the Probation Office and the government calculate the offense level that would apply under the sentencing guidelines to a conviction for making false statements under 18 U.S.C. § 1001. That information was presented to the court. The court relied upon that information in imposing a revocation sanction of 18 months' imprisonment. The court signed an order revoking defendant's term of supervised release and imposing sentence on November 14, 2006.

Thereafter, Mr. Gabriel withdrew as counsel, and the court appointed Assistant Federal Public Defender Steven Jacobson in his place. On February 23, 2007, defendant

PAGE 2 -   **ORDER GRANTING IN PART DEFENDANT'S MOTION FOR RELIEF UNDER 28 U.S.C. § 2255, REVOKING SUPERVISED RELEASE, AND IMPOSING SENTENCE**

filed the instant motion for relief under 28 U.S.C. § 2255. He claims that the government and the probation office furnished incorrect information to the court concerning the offense level for a § 1001 violation, and that the court imposed a higher revocation sentence as a result. The government denies that defendant received ineffective assistance of counsel, but acknowledges furnishing incorrect information to the court. The government further concedes that the incorrect information was material. The parties now agree that the court should vacate the original order revoking supervised release and imposing sentence, should once again find defendant in violation (except for the new law violation of second degree forgery), and should impose a sentence of 12 months plus one day imprisonment.

**B.   DISCUSSION**

A defendant has a due process right not to be sentenced based on "misinformation of constitutional magnitude." United States v. Tucker, 404 U.S. 443, 447 (1972). Where a §2255 petition alleges reliance on materially false sentencing information, the sentence will be vacated "only if the challenged information is (1) false or unreliable and (2) demonstrably made the basis for the sentence." Jones v. United States, 783 F.2d 1477, 1480 (9th Cir. 1986).

There is no dispute that the court was furnished with incorrect information during the supervised release violation hearing. The court directly relied upon that information in imposing sentence. The court therefore finds that defendant was sentenced based on misinformation of a constitutional magnitude, in violation of his right to due process.

PAGE 3 -   **ORDER GRANTING IN PART DEFENDANT'S MOTION FOR RELIEF UNDER 28 U.S.C. § 2255, REVOKING SUPERVISED RELEASE, AND IMPOSING SENTENCE**

Accordingly, defendant's motion for relief under § 2255 is granted in part on that basis. Defendant's ineffective assistance of counsel claim is withdrawn. The order revoking defendant's term of supervised release and imposing sentence, dated November 14, 2006, is hereby vacated.

There is no dispute that defendant violated the conditions of supervised release. At the revocation hearing, defendant admitted all of the violations alleged except for the new law violation of second degree forgery, and another allegation which was withdrawn by the government. Accordingly, the court finds that defendant violated the conditions of supervised release by failing to truthfully answer all inquiries by the probation officer, failing to pay restitution, incurring new charges and opening lines of credit without the approval of the probation officer, committing the new law violation of making false statements in violation of 18 U.S.C. § 1001, failing to maintain a single checking account and/or savings account in his name and failing to deposit all monetary gains or other pecuniary proceeds into that account, failing to disclose all other accounts to the probation officer, and failure to obtain the probation officer's approval for employment. In accordance with the agreement of the parties, the court will not make a finding as to the new law violation of second degree forgery.

It now appearing to the court that defendant is no longer suitable for community supervision, **IT IS ORDERED** that defendant's term of supervised release is revoked. Defendant is committed to the custody of the Bureau of Prisons for imprisonment for a

PAGE 4 -    **ORDER GRANTING IN PART DEFENDANT'S MOTION FOR RELIEF UNDER 28 U.S.C. § 2255, REVOKING SUPERVISED RELEASE, AND IMPOSING SENTENCE**

period of 12 months plus one day. Defendant is already in the custody of the Bureau of Prisons and is not seen as suitable for voluntary surrender. No further term of supervised release is ordered.

DATED this __22__ day of May 2007.

                                                                                  _____
                                                                                  HONORABLE GARR M. KING
                                                                                  United States District Judge

Presented by:

KARIN J. IMMERGUT
United States Attorney

/s/ Gary Y. Sussman
_____
GARY Y. SUSSMAN
Assistant United States Attorney

PAGE 5 -    **ORDER GRANTING IN PART DEFENDANT'S MOTION FOR RELIEF UNDER 28 U.S.C. § 2255, REVOKING SUPERVISED RELEASE, AND IMPOSING SENTENCE**