IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Case No. 98-517-KI |
| | ) | *Civil Case No. 07-70030-KI* |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| RAMIN ZAMANI-ZADEH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

       Karin J. Immergut
       United States Attorney
       District of Oregon
       Gary Y. Sussman
       Assistant United States Attorney
       1000 SW Third Avenue, Suite 600
       Portland, Oregon 97204

             Attorneys for Plaintiff

       Steven Jacobson
       Office of the Federal Public Defender
       101 SW Main Street, Suite 1700
       Portland, Oregon 97204

             Attorney for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Before the court is Ramin Zamani-Zadeh's Motion for Relief under 28 U.S.C. § 2255 (#91). For the reasons that follow, I deny the motion.

### BACKGROUND

On April 5, 1999, defendant pled guilty to a single count indictment charging him with bank fraud. On June 14, 1999, the court imposed a 14-month sentence of imprisonment followed by a five-year term of supervised release. Defendant's term of supervised release began on May 3, 2000. On May 13, 2004, the court revoked defendant's supervised release and imposed a sanction of 16 months' imprisonment followed by a 44-month term of supervised release.

Defendant's reimposed term of supervised release began on January 3, 2005. On June 23, 2005, the court again found defendant in violation, but continued his term of supervised release.

On November 14, 2006, the court revoked defendant's term of supervised release and imposed an 18-month sentence of imprisonment, without reimposition of supervised release, based on a number of alleged violations, including new law violations of making false statements in violation of 18 U.S.C. § 1001, and second degree forgery in violation of Oregon state law. Defendant admitted all of the alleged violations, except that he had committed second degree forgery. The court imposed a sentence of 18 months' imprisonment, based in part on representations made by the Probation Office and the government as to the offense level under the sentencing guidelines for a conviction for making false statements under 18 U.S.C. § 1001.

On February 23, 2007, defendant filed a motion for relief under 28 U.S.C. § 2255. The government denied that defendant received ineffective assistance of counsel. The government conceded that it gave incorrect information to the court which resulted in the court imposing a materially different sentence than it otherwise would have imposed. Defendant withdrew his

ineffective assistance of counsel claim.  On May 22, 2007, finding that it sentenced defendant based on misinformation of a constitutional magnitude, in violation of defendant's due process rights, the court granted defendant's motion in part.  In accordance with the agreement of the parties, the court did not make a finding as to the new law violation of second degree forgery, but revoked supervised release and imposed a sentence of 12 months and a day for all of the other alleged violations, including the new law violation of making false statements in violation of 18 U.S.C. § 1001.

### DISCUSSION

As set forth above, defendant previously filed a motion to set aside his conviction, which was granted in part.  As a result, the current motion must be denied.  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), defendant is prohibited from filing a second Section 2255 motion unless he first obtains certification from the Ninth Circuit Court of Appeals that his motion falls within the narrow category of successive motions authorized by the AEDPA.  See 28 U.S.C. § 2255.  Defendant has not established that he has obtained the required authorization to file a second motion under Section 2255.  Accordingly, this motion is denied.

### CONCLUSION

For the foregoing reasons, Ramin Zamani-Zadeh's Motion for Relief under 28 U.S.C. § 2255 (#91) is denied.

IT IS SO ORDERED.

Dated this ____29th____ day of November, 2007.

       /s/ Garr M. King
       Garr M. King
       United States District Judge